**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYED NAZIM ALI, | No. 19-15589 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-06682-NC |
| v. | |
| SYNAPTICS, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted March 3, 2020[***]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing

his employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

Because Ali failed to oppose defendant's argument in its motion to dismiss that Ali admitted he was an independent contractor, Ali has waived his challenge to the district court's determination that his discrimination, retaliation, and wrongful termination claims fail on that basis. *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991) ("It is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below."); *see also Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938, 942 (9th Cir. 2009) ("Title I [of the Americans with Disabilities Act ("ADA")] covers all aspects of the employer-employee relationship . . . it does not cover other relationships, which are addressed elsewhere in the ADA."); *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) ("Title VII protects employees, but does not protect independent contractors."); *Barnhart v. N.Y. Life Ins. Co.*, 141 F.3d 1310, 1312-13 (9th Cir. 1998) (a plaintiff under the Age Discrimination in Employment Act "must establish himself as an employee" (citation and internal quotation marks omitted)); *Kelly v. Methodist Hosp. of S. Cal.*, 997 P.2d 1169, 1174 (Cal. 2000) (the California Fair Employment Housing Act predicates potential liability on the existence of an employment relationship). In light of this conclusion, the district court did not abuse its discretion by denying Ali leave to

amend his complaint.  *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**